JOHANNES JACOBUS VAN MEEUWEN and Another v.
AUGUST S. SWANSON.[1]

April 25, 1913.

Nos. 18,116—(214).

**Sale of bulbs to be grown.**

Plaintiff called on defendant to solicit an order for garden bulbs for the

1 Reported in 141 N. W. 112.

ensuing season. Defendant told plaintiff what bulbs he should want, and plaintiff made a triplicate list of them, and left one of the triplicates with defendant. The list was not signed, and prices were not fixed. The bulbs were to be grown the next year, and prices would depend on market conditions at that time. The next year plaintiffs sent defendant one of their triplicate lists, with prices extended as to most items, and asked, in the event that lower prices were quoted by others, that they be given a chance to meet the same. Defendant replied that he had sold out his business to M., and that he had turned "this year's orders" over to M., who would correspond with plaintiffs. Plaintiffs shipped the goods to M., in two shipments. M. accepted and paid for the first, but refused the second. Plaintiffs then tendered the second shipment to defendant, and, on its being refused, sued for damages for nonacceptance. *Held*, there was no contract between plaintiffs and defendant.

Action in the district court for Hennepin county to recover $1,372.92, damages for the refusal of defendant to accept certain flower bulbs and to pay for the same pursuant to his order. The answer alleged that it was mutually agreed that the order in question should be accepted conditionally, and defendant was granted the right to cancel the same at any time prior to shipment; that thereafter in May, 1911, defendant notified plaintiffs that he had sold his business and canceled the order, and the notice of cancelation was received and accepted by plaintiffs. The reply denied the new matter alleged in the answer. The case was tried before Dickinson, J., who granted defendant's motion to dismiss the action. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

*Jay W. Crane,* for appellants.

*G. A. Will,* for respondent.

HALLAM, J.

Plaintiffs live in Holland and are engaged in growing and selling flower bulbs. Defendant was formerly a florist in St. Paul. In November, 1910, plaintiff Tegelaar called upon defendant at his place of business for the purpose of soliciting his order for bulbs for 1911 delivery. They talked over an order for bulbs and went over a list, and defendant told Tegelaar what bulbs he wanted for the following year. Plaintiff made a list of them in triplicate, leaving one copy

with defendant. Nothing was said about prices, and no prices were set down on the list. It appears that prices could not then be fixed; that all such bulbs had to be grown during the following season in Holland, and the prices would depend on market conditions at that time. The list made out by Tegelaar was on a sheet headed as follows:

"Order Sheet for Dutch Bulbs, etc.

"To Van Meeuwen & Tegelaar,

"Lisse (Holland).

"From Mr. Aug. S. Swanson.

"St. Paul, Minnesota.

"All goods are sold subject to conditions as given in our catalogue."

At the bottom appeared the words, "To ship to Minnesota Transfer, St. Paul." The list was not signed by either party.

After the negotiations in November, plaintiff Tegelaar returned to Holland, and the following spring mailed to defendant a copy of this triplicate list, and on this copy he extended prices of most of the items, but not all of them. He made the price list in Holland according to the market prevailing at that time. This list was accompanied by a letter which contained, among other things, the following language:

"Again for next season, I have already marked out your goods with the exception of Sp. Iris, Gladiolus, and Spireas, which are not in bloom yet.  *  *  *

"I enclose list with prices, and trust same will be satisfactory to you. No doubt you have lower offers from some other houses, but I want you to consider that we do all we can to send you extra quality and take quite a responsibility if things don't turn out right. If there is any difference in some prices, we trust you will give us a chance to meet same, as we do not want you to cancel any varieties.

"Hoping to hear from you, I remain with very best regards,

"Yours truly,

"John Tegelaar."

In the meantime, and on March 19, 1911, defendant had entered into a contract for the sale of his business to the Merriam Park Floral Company. Defendant received the above letter with the list inclosed some time in May. On May 20 he wrote plaintiffs as follows:

"I have gone out of the greenhouse business, temporarily at least; have to go out to Alaska this summer to look over my coal properties, and have to dispose of my greenhouses. The Merriam Park Floral Co. have a lease on it for ten years, the manager of which you know well. It is Mr. J. Jorgenson, who has for several years been manager of the Donaldson greenhouses in Minneapolis. I turned this year's orders for bulbs over to him, and he will write you in regard to any changes he thinks ought to be made in same."

June 15, 1911, defendant delivered possession to the Merriam Park Floral Company, and turned over to them the alleged order and the price list, saying that he had not canceled the order, but left it with them to correspond with plaintiffs with regard to it. The Floral Company did not correspond with plaintiffs, but, after receipt from defendant of the above letter, plaintiffs shipped the bulbs mentioned in these lists to the Floral Company, making two shipments. The first shipment the Floral Company received, accepted, and paid for. The second shipment the company refused to receive. Plaintiffs' agent thereupon tendered the same to defendant. Defendant refused the goods, and plaintiffs bring this action, alleging a contract for the sale of the bulbs to the defendant, and asking damages for the breach of such contract. At the close of plaintiffs' testimony the court, on the motion of defendant, dismissed the case. Plaintiffs made a motion for a new trial. This motion was denied, and plaintiffs appeal.

The order dismissing the case must be affirmed. No contract was ever entered into between these parties. There was no meeting of the minds. It is manifest that the negotiation in St. Paul was not intended by either party to constitute a completed contract of sale. One essential element of such a contract, namely, the price of the bulbs, was not determined. Of course, a sale may be completed without fixing the price, if the circumstances are such as to admit of an implied contract to pay a reasonable price, or to pay the market price at some given time. But in this case it is manifest, from the testi-

mony and the subsequent conduct of the parties, that the price was not left to implication, but was to be fixed by further negotiation during the ensuing year. The letter of plaintiff Tegelaar of April 20, 1911, and the price list therewith inclosed, was sent for that purpose. This letter contained the language: "No doubt you have lower offers from some other houses. * * * If there is any difference in some prices, we trust you will give us a chance to meet same, as we do not want you to cancel any varieties." This language leaves no doubt that plaintiffs contemplated that the prices made by them were subject to acceptance or rejection by defendant. The answer of defendant, stating that he had gone out of business and had turned "this year's orders for bulbs" over to his successor, and further stating that such successor "will write you in regard to any changes he thinks ought to be made in same," is manifestly not an acceptance of plaintiffs' terms. It is clear, from the conduct of plaintiffs, that they did not so understand it. The letter referred them to the Merriam Park Floral Company for further negotiations, and they made their shipments to this company. It was not until this company refused their second shipment of bulbs that they gave any further attention to defendant.

The testimony failed to establish a contract. It accordingly becomes unnecessary to determine the questions raised by appellants as to the statute of frauds.

Order affirmed.