MUTUAL SERVICE CASUALTY INSURANCE COMPANY v.
HARTFORD ACCIDENT & INDEMNITY COMPANY.

156 N. W. (2d) 237.

February 2, 1968—No. 40,543.

*Tyrrell, Jardine, Logan & O'Brien* and *Graham Heikes,* for appellant.
*Swanson & Christoffersen* and *Allen G. Christoffersen,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Defendant appeals from a judgment of the St. Paul municipal court in the amount of $2,550. The judgment resulted from the trial court's finding and conclusion that a valid oral contract existed whereby defendant agreed to reimburse plaintiff 50 percent of whatever settlement was ultimately made by plaintiff of a lawsuit brought by a passenger in the car of defendant's assured against plaintiff's assured, who had brought defendant's insured into the action as third-party defendant. Defendant here does not dispute that the conversation occurred but asserts that the plaintiff cannot recover because the conversation between the representatives of the parties in which the contract is purported to have been made was one in which defendant merely unilaterally offered to contribute to the settlement and the offer was never accepted by the plaintiff.

The collision with which this case is concerned occurred on July 11, 1962, between Harold E. Carlson and William P. Fahey, plaintiff's assured and defendant's assured, respectively. Fahey sued Carlson in district court. Donald S. Hager, the passenger in Fahey's car, also sued Carlson, and in that action Carlson joined Fahey as third-party defendant. On either May 10 or May 17, 1963, the contribution agreement was, the trial court found, consummated over the telephone between defendant's adjuster and plaintiff's claims supervisor or claims attorney. On June 3, 1963, in the case of Fahey v. Carlson, Carlson was found negligent and Fahey not negligent. On June 10, defendant's attorney telephoned plaintiff and, with knowledge of the verdict in that case, denied any liability for contribution. On the same day, Hager's claim was settled by plaintiff for $5,100, and defendant's assured, Fahey, moved for summary judgment against Carlson in the third-party action. That motion was granted.

It is conceded that in the conversation between the parties' agents no specific settlement amount was discussed. Apparently, the special damages of the passenger were not known by plaintiff at the time of that conversation, but it was known by both parties that the settlement then being demanded by the passenger was $50,000. While there was conflicting testimony regarding the customary authority vested in various agents and employees to conclude agreements for contribution with other insurance companies, the issue of authority has not been raised and is not before us.

In arguing that the trial court erred in finding there was a contract, defendant relies upon the theory that there was no consideration for and no mutuality of obligation in the alleged contract. It then concludes that there was no bilateral contract but rather a unilateral offer which was either revoked before acceptance or not accepted. However, it appears that the consideration and mutuality were provided by the fact that both parties, not knowing whether either or both drivers had been negligent, promised to divide the risk that the passenger had a valid claim. 4 Dunnell, Dig. (3 ed.) §§ 1758, 1759.

The position urged upon us by defendant, if accepted, would require that whenever such a contribution agreement is made without knowledge of the liability of the parties and the damages involved, the party whose

assured was ultimately found not liable would be released from its commitment. Such a result would remove the motive for such agreements, which is to share the risk of the outcome in doubtful cases. If the facts of a case show clear liability on the part of one party or another, and presumably that was not the case here, such an agreement would never be made by the ostensibly nonliable insurer. We hold, therefore, that the contribution agreement was not, as asserted by defendant, a mere offer requiring that a settlement be made with the claimant to effect an acceptance, but rather that the agreement constituted an enforceable bilateral contract. See, Restatement, Contracts, § 31.

The case of Van Meeuwen v. Swanson, 121 Minn. 250, 141 N. W. 112, upon which defendant relies for the proposition that the amount of the passenger's claim was a necessary element of the contract, dealt with a sale of goods and is distinguishable, for, unlike the purpose of a sale of goods, the obvious purpose of the agreement here was to exchange the possibility of bearing the whole liability for the certainty of bearing only one-half of it. Such an agreement does not necessarily contemplate a price to make it effective.

We are mindful of the danger that an insurer who participates in such an agreement and is subsequently estopped by verdict from asserting liability against the other contracting party may face partial liability for an inflated settlement. That is certainly one of the risks of such an agreement, but a clearly unreasonable settlement would not be enforced. Subject to the requirement that the settlement be reasonable, a contract such as was made here is not otherwise invalid for indefiniteness. 1 Williston, Contracts (3 ed.) § 47, and cases cited therein.

Since defendant's second argument, namely, that the trial court erred in failing to find revocation, depends on our acceptance of his first argument that the telephone conversation constituted only an offer, there is no need to consider that claim.

Affirmed.